## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION<br>_____ | Lead Case No.: 0:11-md-02249-DWF-SER |
| PJC LOGISTICS, LLC,<br><br>    **Plaintiff,**<br>v.<br><br>A. DUIE PYLE, INC., et al.,<br><br>    **Defendants.**<br>_____ | Member Case No.: 0:11-cv-02549-DWF-SER |
| GREAT AMERICAN LINES, INC.<br><br>    **Counterclaim-Plaintiff,**<br>v.<br><br>PJC LOGISTICS, LLC<br><br>    **Counterclaim-Defendant.** | |

## DEFENDANT GREAT AMERICAN LINES, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

NOW COMES Defendant Great American Lines, Inc. ("Great American"), by and through its undersigned attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## NATURE OF THE ACTION

1.      Admitted.

## THE PARTIES

2-12.  Defendant Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

13.     Denied.

14-24. Defendant Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

## JURISDICTION AND VENUE

25.     Great American admits that this is an action for patent infringement and that this Court has subject matter jurisdiction over plaintiff's claims.  To the extent the allegations relate to Great American, Great American admits that venue is proper but denies that this judicial district is the most convenient forum for this case.

26-35. Defendant Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

36.     Denied.

37-47. Defendant Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

48.     Great American repeats and re-alleges the responses to the allegations of paragraph 1 through 47 as if fully set forth herein.

49.     Great American admits that according to the face of the patent, U.S. Patent No. 5,223,844 ("the '844 Patent") is entitled VEHICLE TRACKING AND SECURITY SYSTEM and further admits that the patent is attached as Exhibit A to the Complaint. Great American denies all other allegations contained in paragraph 49.

50.     Defendant Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

51.     To the extent the allegations of paragraph 51 relate to Great American, Great American denies them.  To the extent the allegations relate to the other Defendants, Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

52.     To the extent the allegations of paragraph relate to Great American, Great American denies them.  To the extent the allegations relate to the other Defendants, Great American is without sufficient information or knowledge to either admit or deny the allegations and therefore denies same.

## JURY DEMAND

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Great American demands a trial by jury on all issues triable as such.

## DENIAL OF ANY REMAINING ALLEGATIONS

54.     Except as specifically admitted herein, Great American denies any remaining allegations in the Compliant that are directed at Great American.

## PRAYER FOR RELIEF

WHEREFORE, Great American opposes PJC Logistics' requested relief against Great American and therefore asks that this Court deny all the relief requested by PJC Logistics.

## AFFIRMATIVE DEFENSES

Great American asserts the following affirmative defenses.

### First Affirmative Defense (No Infringement):

Great American does not infringe and has not infringed any valid and enforceable claim of the '844 Patent.

### Second Affirmative Defense (Invalidity):

Claims of the '844 Patent are invalid for failure to satisfy the conditions for patentability set forth in Tile 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112.

### Third Affirmative Defense (Failure to State a Claim):

PJC Logistics' claims for relief fail to state a claim upon which relief can be granted.

### Fourth Affirmative Defense (Laches):

PJC Logistics' claims are barred in whole or in part by laches.

### Fifth Affirmative Defense (Waiver):

PJC Logistics' claims are barred in whole or in part by waiver.

### Sixth Affirmative Defense (Estoppel):

PJC Logistics' claims are barred in whole or in part by estoppel.

### Seventh Affirmative Defense (Notice, Damages and Costs):

PJC Logistics' claims for damages, if any, against Great American are statutorily limited by 35 U.S.C. §§ 286, 287 and 288.

### Eighth Affirmative Defense (Improper Joinder):

Some or all of the defendants have been improperly joined in a single action, and Great American asserts its right to a separate trial.

### Ninth Affirmative Defense (Lack of Standing):

PJC Logistics' claims are barred due to lack of standing and/or lack of ownership to the extent PJC Logistics' allegations extend beyond the patent rights owned by PJC Logistics.

### Tenth Affirmative Defense:

Great American hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIMS

Defendant, Great American, by and through its undersigned counsel, as and for its Counterclaims against PJC Logistics, respectfully shows and alleges as follows:

4

## THE PARTIES

1.      Counterclaimant Great American is a corporation organized and existing under the laws of the State of Michigan.

2.      Based on PJC Logistics' assertion in its Complaint, Great American alleges on information and belief that PJC Logistics is a limited liability corporation organized under the laws of Texas with a principal place of business in Hewitt, Texas.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Patent Laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act.  The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I - DECLARATION OF NON-INFRINGEMENT

5.      Great American repeats and re-alleges the allegations of the preceding paragraphs as if set forth herein.

6.      Based on PJC Logistics' filing of this action and Great American's Affirmative Defenses, an actual controversy has arisen and now exists between PJC Logistics and Great American as to whether Great American has infringed or is infringing one or more claims of U.S. Patent No. 5,223,844 ("the '844 patent").

7.      Great American is not infringing and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable asserted claims of the '844 patent.

8.       Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.,  Great American requests the declaration of the Court that Great American does not infringe and has not infringed any valid and enforceable asserted claim of the '844 patent.

## COUNT II – DECLARATION OF PATENT INVALIDITY

9.       Great American repeats and re-alleges the allegations of the preceding paragraphs as if set forth herein.

10.       Based on PJC Logistics' filing of this action and Great American's affirmative defenses, an actual controversy has arisen and now exists between PJC Logistics and Great American as to the validity of the claims of the '844 patent.

11.       The claims of the '844 patent are invalid under one or more sections of Title 35 of the U.S. Code including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

12.       Pursuant to the Federal Declaratory Judgment Act, 287 U.S.C. § 2201 *et seq.*, Great American requests the declaration of the Court that the '844 patent is invalid.

## JURY DEMAND

13.       Great American demands a trial by jury.

## EXCEPTIONAL CASE

14.       To the extent this is an exceptional case under 35 U.S.C. § 285, Great American is entitled to recover from PJC Logistics, Great American's attorney fees and costs incurred in connection with this action, and hereby requests such fees and costs.

## PRAYER FOR RELIEF

Great American respectfully requests a judgment against PJC Logistics as follows:

A.      a declaration that Great American does not infringe and has not infringed any valid and enforceable claim of the '844 patent;

B.      a declaration that the '844 patent is invalid;

C.      that PJC Logistics take nothing by its Complaint against Great American;

D.      that the Court enter a Judgment against PJC Logistics and in favor of Great American and that PJC Logistics' Complaint is dismissed with prejudice;

E.      that the Court enter a Judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a Judgment awarding Great American its costs and reasonable attorney fees; and

F.      that the Court grant Great American whatever further relief the Court may deem just and proper.

Dated:  October 13, 2011.          **MASLON EDELMAN BORMAN & BRAND, LLP**


By s/ Justin H. Perl
    Justin H. Perl (#151397)
330 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  612-672-8200
justin.perl@maslon.com

**ATTORNEYS FOR DEFENDANT
GREAT AMERICAN LINES**