## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | ) ) ) ) MDL NO. 2249 |
| | ) |
| PJC LOGISTICS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| A. DUIE PYLE, INC.; AMERIQUEST TRANSPORTATION SERVICES, INC.; AUSCOR TRANSPORTATION SERVICES; CARRIER INDUSTRIES INC.; EASTERN FREIGHT WAYS, INC.; FEDEX GROUND PACKAGE SYSTEM, INC.; USA TRUCK, LLC; GE ENERGY, LLC; GLEN MOORE; GNC CORPORATION; GREAT AMERICAN LINES, INC.; HERMANN SERVICES, INC.; J.A. TRUCKING, INC.; LOGISTICS ONE, INC.; NEW CENTURY TRANSPORTATION, LLC; NEW ENGLAND MOTOR FREIGHT, INC.; NEW PENN MOTOR EXPRESS, INC.; NFI INDUSTRIES, INC.; PRAXAIR, INC.; SHEVELL GROUP; U.S. EXPRESS, INC.; and WARD TRUCKING, LLC, | ) ) ) ) ) ) Case No.:  0:11-cv-02549-DWF-SER ) ) Transferred from the United States ) District Court for the District of ) Delaware, ) Case No. 1:11-cv-00231-LDD ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER AND DEFENSES
## OF DEFENDANT WARD TRUCKING, LLC

Defendant Ward Trucking, LLC ("Ward") hereby answers the Complaint filed by

Plaintiff PJC Logistics, LLC ("PJC").  Ward hereby responds to the numbered paragraphs of the

Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 101, *et seq.*

**ANSWER:** Admitted.

## THE PARTIES

2.     Plaintiff PJC Logistics is a limited liability corporation organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Ward admits that PJC is organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643. Ward denies the remaining allegations of paragraph 2.

3.     Defendant A. Duie Pyle, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business at 650 Westtown Road, P.O. Box 564, West Chester, Pennsylvania 19381, and a registered agent for service of process at Roger A. Werth, 4 Higgins Road, Newark, Delaware 19711-4361.

**ANSWER:** Paragraph 3 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward. To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.     Defendant AmeriQuest Transportation Services, Inc. is a corporation organized under the laws of New Jersey with its principal place of business at 457 Haddonfield Road, Suite 220, Cherry Hill, New Jersey 08002, and a registered agent for service of process at National Corporate Research, Ltd., 615 South DuPont Highway, Dover, Delaware 19901.

**ANSWER:** Paragraph 4 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward. To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.      Defendant Auscor Transportation Services is a corporation organized under the laws of New Jersey with its principal place of business at 50 Emerald Lane, Old Bridge, New Jersey 08857; and 333 Cedar Avenue, Middlesex, New Jersey 08846; and, on information and belief, it regularly conducts business in the state of Delaware; and it may be served with process through the Secretary of State for the State of Delaware.

**ANSWER:**  Paragraph 5 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      Defendant Carrier Industries Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1-71 North Avenue E, Elizabeth, New Jersey 07201, and a registered agent for service of process at The Prentice-Hall Corporation System, Inc., Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:**  Paragraph 6 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.      Defendant Eastern Freight Ways, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 212 Black Horse Lane, North Brunswick, New Jersey 08902, and a registered agent for service of process at The Prentice-Hall Corporation System, Inc., Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:**  Paragraph 7 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.      Defendant FedEx Ground Package System, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1000 FedEx Drive, Coraopolis, Pennsylvania 15018, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 8 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.      Defendant USA Truck, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 3200 Industrial Park Road, Van Buren, Arkansas 72956, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 9 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.      Defendant GE Energy LLC is a limited liability corporation organized under the laws of Delaware with its principal place of business at 231 Lake Drive, Newark, Delaware

19702, and a registered agent for service of process at The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

    **ANSWER:**  Paragraph 10 of the Complaint contains no allegations as to Ward and

therefore does not require a response by Ward.  To the extent a response is required, Ward lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 10.

    11.    Defendant Glen Moore is a corporation organized under the laws of Delaware

with its principal place of business at 1711 Shearer Drive, Carlisle, Pennsylvania 17013, and a

registered agent for service of process at The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, Delaware 19801.

    **ANSWER:**  Paragraph 11 of the Complaint contains no allegations as to Ward and

therefore does not require a response by Ward.  To the extent a response is required, Ward lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 11.

    12.    Defendant GNC Corporation is a corporation organized under the laws of

Delaware with its principal place of business at 300 Sixth Avenue, Pittsburgh, Pennsylvania, and

a registered agent for service of process at National Registered Agents, Inc., 160 Greentree

Drive, Suite 101, Dover, Delaware 19904.

    **ANSWER:**  Paragraph 12 of the Complaint contains no allegations as to Ward and

therefore does not require a response by Ward.  To the extent a response is required, Ward lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 12.

13.    Defendant Great American Lines, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 3074 Trafford Rd., Murrysville, Pennsylvania 15668, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 13 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.    Defendant Hermann Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business at North Brunswick, New Jersey 08902, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 14 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.    Defendant J.A. Trucking, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business at 212 Country Lane, West Newton, Pennsylvania 15089, and a registered agent for service of process at Donald W. Booker, Esq., 118-A Senatorial Drive, P.O. Box 3587, Wilmington, Delaware 19807.

**ANSWER:**  Paragraph 15 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.     Defendant Logistics One, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 33 Cady Hill Boulevard, Saratoga Springs, New York 12866, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 16 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.     Defendant New Century Transportation, LLC is a corporation organized under the laws of Delaware with its principal place of business at 45 East Park Drive, Westampton, New Jersey 08060, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 17 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Defendant New England Motor Freight, Inc. is a corporation organized under the laws of New Jersey with its principal place of business at 1-71 North Avenue East, Elizabeth, New Jersey 07201, and a registered agent for service of process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:**  Paragraph 18 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Defendant New Penn Motor Express, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business at 625 South Fifth Avenue, Lebanon, Pennsylvania 17042, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 19 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     Defendant NFI Industries, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 71 West Park Avenue, Vineland, New Jersey 08360 and 1515 Burnt Mill Road, Cherry Hill, New Jersey 08003, and a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:**  Paragraph 20 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Defendant Praxair, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 39 Old Ridgebury Road, Danbury, Connecticut 6810, and a

registered agent for service of process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:** Paragraph 21 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward. To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Defendant Shevell Group is a corporation organized under the laws of New Jersey with its principal place of business at 1-71 North Avenue East, Elizabeth, New Jersey 07201, and, on information and belief, it regularly conducts business in the state of Delaware.

**ANSWER:** Paragraph 22 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward. To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Defendant U.S. Express, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 3240 Hubbard Rd., Landover, Maryland 20785, and it may be served with process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:** Paragraph 23 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward. To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Defendant Ward Trucking, LLC is a corporation organized under the laws of Pennsylvania with its principal place of business at 2nd Avenue & 7th Street, Greenwood Road,

Altoona, Pennsylvania 16602, and, on information and belief, it regularly conducts business in the state of Delaware.

**ANSWER:**  Admitted.

## JURISDICTION AND VENUE

25.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:**  Ward admits that PJC, in its Complaint, alleges patent infringement claims under Title 35 of the United States Code.  Ward further admits that this Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).  Ward admits that venue is proper in this District for purposes of this action only.

26.    Defendant A. Duie Pyle, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in A. Duie Pyle, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 26 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.     Defendant AmeriQuest Transportation Services, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in AmeriQuest Transportation Services, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 27 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.     Defendant Auscor Transportation Services uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Auscor Transportation Services's fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 28 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.     Defendant Carrier Industries Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is

alleged below.  Trucks, vans or other vehicles in Carrier Industries Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 29 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.   Defendant Eastern Freight Ways, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Eastern Freight Ways, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 30 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.   Defendant FedEx Ground Package System, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in FedEx Ground Package System, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 31 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     Defendant USA Truck, LLC, uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Galasso Trucking, Inc.'s [sic] fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 32 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Defendant GE Energy, LLC uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in GE Energy, LLC's fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 33 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.     Defendant Glen Moore uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Glen Moore's fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 34 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.     Defendant GNC Corporation uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in GNC Corporation's fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 35 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36.     Defendant Great American Lines, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Great American Lines, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 36 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     Defendant Hermann Services, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Hermann Services, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 37 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.     Defendant J.A. Trucking, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is

alleged below.  Trucks, vans or other vehicles in J.A. Trucking, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 38 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.    Defendant Logistics One, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Logistics One's [sic] fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 39 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.    Defendant New Century Transportation, LLC uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in New Century Transportation, Inc.'s [sic] fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 40 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.     Defendant New England Motor Freight, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in New England Motor Freight, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 41 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42.     Defendant New Penn Motor Express, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in New Penn Motor Express, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 42 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43.    Defendant NFI Industries, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in NFI Industries, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 43 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43.

44.    Defendant Praxair, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Praxair, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 44 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45.     Defendant Shevell Group uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Shevell Group's fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 45 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45.

46.     Defendant U.S. Express, Inc. uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in U.S. Express, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 46 of the Complaint contains no allegations as to Ward and therefore does not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.     Defendant Ward Trucking, LLC uses, and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is

alleged below.  Trucks, vans or other vehicles in Ward Trucking, LLC's fleet of trucks, vans or other vehicles operate in the State of Delaware, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Denied.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

48.     PJC Logistics repeats and realleges the allegations of paragraphs 1 through 47 as if fully set forth herein.

**ANSWER:**  Ward incorporates by reference its responses to paragraphs 1 through 47.

49.     On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as the "844 Patent"), entitled VEHICLE TRACKING AND SECURITY SYSTEM, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

**ANSWER:**  Ward admits that the public record reflects that U.S. Patent No. 5,223,844 (the "'844 Patent") is entitled "Vehicle Tracking and Security System" and has an issue date of June 29, 1993.  Ward admits that a document purported to be a true and correct copy of the '844 Patent was attached to the Complaint as Exhibit A.  Ward denies the remaining allegations in paragraph 49.

50.     PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER:**  Ward admits that the public record reflects that the '844 Patent is assigned to PJC.  Ward denies the remaining allegations in paragraph 50.

51.     Without license or authorization, each of the Defendants have been infringing the '844 Patent by using in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a).

**ANSWER:**  The allegations as to Ward are denied.  The allegations as to other defendants do not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Ward set forth in paragraph 51.

52.     PJC Logistics has been damaged by Defendants' infringing activities.

**ANSWER:**  The allegations as to Ward are denied.  The allegations as to other defendants do not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Ward set forth in paragraph 52.

## JURY DEMAND

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PJC Logistics demands a trial by jury on all issues triable as such.

**ANSWER:**  Ward admits that PJC, in its Complaint, demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PJC Logistics respectfully demands judgment for itself and against Defendants as follows:

a.      That this Court adjudge that Defendants have infringed each of the '844 Patent;

b.     That this Court ascertain and award PJC Logistics damages sufficient to compensate it for the above infringement and that the damages so ascertained be awarded to PJC Logistics with interest;

c.     That this Court find this case to be exceptional and award PJC Logistics its attorneys fees, costs and expenses in this action;

d.     An accounting of all infringing sales including, but not limited to, those sales not presented at trial and an award by the Court for any such sales; and

e.     That this Court award PJC Logistics such other relief as the Court may deem just and proper.

**ANSWER:**  Ward denies that PJC is entitled to the requested relief or any relief from Ward.  The demands as to other defendants do not require a response by Ward.  To the extent a response is required, Ward lacks knowledge or information sufficient to form a belief as to the truth of the demands as to defendants other than Ward set forth in PJC's Prayer for Relief.

**DEFENSES**

Ward hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof.  Ward reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

**FIRST DEFENSE - NON-INFRINGEMENT**

1.     Ward does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## SECOND DEFENSE - INVALIDITY

2.      Each claim of the '844 Patent is invalid for failure to comply with one or more

provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102,

103, 112 and 305.

## THIRD DEFENSE - PROSECUTION HISTORY ESTOPPEL

3.      By reason of the proceedings in the United States Patent and Trademark Office

during both the prosecution of the application that resulted in issuance of the '844 Patent and the

reexamination of the '844 Patent, as shown by the prosecution histories thereof, PJC is estopped,

in whole or in part, from maintaining that Ward infringes or has infringed the '844 Patent.

## FOURTH DEFENSE - INTERVENING RIGHTS

4.      PJC's claims for relief concerning any claim added to the '844 Patent during

reexamination or any claim substantively amended during reexamination are barred, in whole or

in part, by the doctrine of intervening rights and/or 35 U.S.C. §§ 252, 307.

## FIFTH DEFENSE - LIMITATION ON DAMAGES

5.      The relief sought by PJC is barred in whole or in part by 35 U.S.C. §§ 286 and/or

287.

## SIXTH DEFENSE - ADEQUATE REMEDY AT LAW

6.      PJC is not entitled to injunctive relief because any alleged injury to PJC is not

immediate or irreparable and PJC has an adequate remedy at law.

## SEVENTH DEFENSE - LACHES

7.      The United States Patent and Trademark Office issued the '844 Patent on June 29,

1993.

8.      PJC did not bring suit against Ward until March 2011.

9.      On information and belief, PJC did not bring suit against XATA Corporation, which has supplied fleet management technology to Ward, until April 2011.

10.     PJC's claim for relief for infringement of the '844 Patent is barred in whole or in part under the doctrine of laches by virtue of the inexcusable delay in bringing suit against Ward and/or its suppliers.

## WARD TRUCKING, LLC'S PRAYER FOR RELIEF

WHEREFORE, Ward prays for the following relief:

1.      That any and all relief requested by PJC, as set forth in the Complaint, be denied and that the Complaint be dismissed with prejudice;

2.      That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that the cost of this action and attorneys' fees be awarded to Ward;

3.      That this Court grant such other and further relief to Ward as this Court may deem just and equitable.

## JURY DEMAND

Ward demands a trial by jury on all issues triable of right by a jury.


Dated:  October 24, 2011              /s/ Michael E. Florey
                                      Michael E. Florey (#214322)
                                      FISH & RICHARDSON P.C.
                                      3200 RBC Plaza
                                      60 South 6th Street
                                      Minneapolis, MN 55402
                                      Ph:  612-335-5070
                                      Fax:  612-288-9696
                                      florey@fr.com

                                      **Attorneys for Defendant**
                                      **Ward Trucking, LLC**

60731770.doc