## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT MINNESOTA

| | |
|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL NO. 11-2249 |

PJC LOGISTICS, LLC,

                Plaintiff

    vs.                            Case No. 0:11-cv-02549-DWF-SER

A DUIE PYLE, INC., et al,        (Transferred from District of Delaware, Civil
                Defendants.     Action No. 1:11-cv-00231-LDD)

**PLAINTIFF PJC LOGISTICS, LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT GREAT AMERICAN LINES, INC.**

      Plaintiff PJC Logistics, LLC ("PJC") hereby submits this Reply in response to Defendant Great American Lines, Inc.'s ("Great American") Answer to Complaint, Affirmative Defenses and Counterclaims.

## THE PARTIES

      1.    Counterclaimant Great American is a corporation organized and existing under the laws of the State of Michigan.

      **ANSWER:** Admitted.

      2.    Based on PJC Logistics' assertion in its Complaint, Great American alleges on information and belief that PJC Logistics is a limited liability corporation organized under the laws of Texas with a principal place of business in Hewitt, Texas.

1

**ANSWER:**  Admitted.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the Patent Laws of the United States as enacted under Title 35 of the United States Code and provisions of the Federal Declaratory Judgment Act.  The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**ANSWER:**  PJC admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act for this action only.  PJC admits that the United States Judicial Panel on Multidistrict Litigation transferred this action to this district and that PJC is subject to this Court's jurisdiction for this action only.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**  PJC admits that venue is proper in Delaware District Court pursuant to 28 U.S.C. §§ 1391 and 1400.  PJC admits that the United States Judicial Panel on Multidistrict Litigation transferred this action to this district and that PJC is subject to this Court's jurisdiction for this action only.

## COUNT I

### DECLARATION OF NONINFRINGEMENT

5. Great American repeats and re-alleges the allegations of the preceding paragraphs as if set forth herein.

**ANSWER:**  PJC incorporates by reference its response to paragraphs 1 through 4 as though fully set forth herein.

6. Based on PJC Logistics' filing of this action and Great American's Affirmative Defenses, an actual controversy has arisen and now exists between PJC Logistics and Great American as to whether Great American has infringed or is infringing one or more claims of U.S.

Patent No. 5,223,844 ("the '844 Patent").

**ANSWER:** PJC admits that there is an actual controversy between PJC and Great American as to whether Great American is infringing one or more claims of the '844 patent.

7. Great American is not infringing and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable asserted claims of the '844 patent.

**ANSWER:** Denied.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Great American requests the declaration of the Court that Great American does not infringe and has not infringed any valid and enforceable asserted claim of the '844 patent.

**ANSWER:** PJC denies that Great American is entitled to any such relief and further denies the allegations within paragraph 8.

## COUNT II

### DECLARATIONS OF PATENT INVALIDITY

9. Great American repeats and re-alleges the allegations of the preceding paragraphs as if set forth herein.

**ANSWER:** PJC incorporates by reference its responses to paragraphs 1 through 8 as though fully set forth herein.

10. Based on PJC Logistics' filing of this action and Great American's affirmative defenses, an actual controversy has arisen and now exists between PJC Logistics and Great American as to the validity of the claims of the '844 Patent.

**ANSWER:** PJC admits that there is an actual controversy between PJC and Great American but denies the merits of Great American's counterclaims and otherwise denies the

allegations in paragraph 10.

11.  The claims of the '844 Patent are invalid under one or more sections of Title 35 of the U.S. Code including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:**  Denied.

12.  Pursuant to the Federal Declaratory Judgment Act, 287 U.S.C. § 2201 *et seq.*, Great American requests the declaration of the Court that the '844 Patent is invalid.

**ANSWER:**  PJC denies that Great American is entitled to any such relief and further denies the allegations of paragraph 12.

## JURY DEMAND

13.  Great American demands a trial by jury.

**ANSWER:**  Admitted.

## EXCEPTIONAL CASE

14.  To the extent this as an exceptional case under 35 U.S.C. § 285, Great American is entitled to recover from PJC Logistics, Great American's attorney fees and costs incurred in connection with this action, and hereby requests such fees and costs.

**ANSWER:**   PJC denies that Great American is entitled to recover attorney's fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

PJC denies that Great American is entitled to any of the relief sought against PJC in its Prayer for Relief.  In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement, validity, enforceability, and damages, and denies any allegations in the counterclaim adverse to the same.

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff PJC respectfully prays that this Court:

A.  Dismiss Great American's Counterclaims in their entirety with prejudice with respect to PJC, with Great American taking nothing thereby;

B.  Deny all of Great American's counterclaims against PJC;

C.  Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D.  Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 2, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(*Admitted Pro Hac Vice*)
Texas State Bar No. 24025318
**Farney Daniels LLP**
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
E-mail: sdaniels@farneydaniels.com

AND

Richard C. Weinblatt
Stamatios Stamoulis
weinblatt@swdelaw.com
stamoulis@swdelaw.com
**Stamoulis & Weinblatt, LLC**
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

AND

>R. Mark Dietz
>Texas Bar No. 05857200
>Dietz & Jarrard, P.C.
>106 Fannin Avenue East
>Round Rock, Texas 78664
>Telephone: (512) 244-9314
>
>*Attorneys for Plaintiff*
>*PJC Logistics, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing PJC's REPLY TO COUNTERCLAIMS OF DEFENDANT GREAT AMERICAN was served upon the counsel of record by electronically filing the document with the Clerk of the Court through the Electronic Filing System on the 2nd day of November, 2011.

>By:   */s/ Steven R. Daniels*
>      Steven R. Daniels